**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL O'NEIL CLOYD, | 1:09-cv-00854-LJO-SMS (HC) |
| Petitioner, | ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| v. | [Doc. 31] |
| JAMES D. HARTLEY, Warden | |
| Respondent. | |

On January 7, 2010, the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 was denied and judgment was entered in favor of Respondent. In that order, the Court also determined under then-existing Ninth Circuit authority that a Certificate of Appealability was not necessary.

On January 29, 2010, Petitioner filed a notice of appeal and the appeal was processed to the Ninth Circuit Court of Appeals.

On August 17, 2010, the Ninth Circuit remanded the case back to this Court for the limited purpose of granting or denying a certificate of appealability pursuant to Hayward v. Marshall, 603 F.3d 546, 554 (9th Cir. 2010) (en banc), which overruled prior circuit precedent, and found "[a] certificate of appealability is necessary to confer jurisdiction on this court in an appeal from a district court's denial of habeas relief in a § 2254 case, regardless of whether the state decision to deny release from confinement is administrative or judicial."

///

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the

circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or

    (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In the instant case, the Court finds that reasonable jurists would not disagree with this Court's determination to deny the instant petition for writ of habeas corpus.  Accordingly, the Court declines to issue a certificate of appealability because reasonable jurists would not debate whether the state court rejection of Petitioner's claim was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

Accordingly, the Court HEREBY ORDERS declines to issue a Certificate of Appealability.

IT IS SO ORDERED.

**Dated:     September 13, 2010**          /s/ Lawrence J. O'Neill

UNITED STATES DISTRICT JUDGE